[Civ. No. 12933. Third Dist. Feb. 17, 1971.]

FLORENCE R. SWANSTON et al., Petitioners, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent;
THE STATE OF CALIFORNIA et al., Real Parties in Interest.

356

**COUNSEL**

C. Ray Robinson and William T. Ivey, Jr., for Petitioners.

No appearance for Respondent.

Evelle J. Younger, Attorney General, Robert Burton, Assistant Attorney General, and J. M. Sanderson, Deputy Attorney General, for Real Parties in Interest.

**OPINION**

**THE COURT.**—Petitioners Swanston filed an action against the State of California in the Sacramento Superior Court for reformation of a stipulation in an eminent domain action and seeking reconveyance of 230 acres of land formerly owned by them. They recorded a lis pendens against the property. Purporting to act under section 409.2, Code of Civil Procedure, the superior court granted the state's motion to expunge the lis pendens. Petitioners now challenge that order by application to this court for a writ of mandate. (Code Civ. Proc., § 409.4.) They have named the state as real party in interest.

In relevant part, section 409.2 provides that "the court in which the action is pending may order that the notice [of pendency of the action] be expunged if the moving party shall have given an undertaking . . . in such amount . . . as shall be fixed by the court . . . , such undertaking to be to the effect that the moving party will indemnify the party recording the notice for all damages which he may incur if the notice is expunged and the moving party does not prevail and if the court finds that adequate relief can be secured to the party recording the notice by the giving of such undertaking."

■ The state is generally exempt from giving statutory undertakings. (Code Civ. Proc., § 1058.) Respondent court apparently assumed that this general exemption permitted it to dispense with the requirement of section 409.2 that expungement may be ordered only "if the court finds that adequate relief can be secured to the party recording the notice. . . ." In this respect, the order of expungement simply provides that, if petitioners are successful in their civil action, the state shall indemnify them for all damages incurred by reason of the expungement. The court made no written finding that this provision would afford petitioners adequate relief.

The mere fact that the word "finds" is used in section 409.2 does not necessarily imply that the trial court must make a written finding. (Cf. *Adoption of Pitcher* (1951) 103 Cal.App.2d 859, 864-865 [230 P.2d 449].) ■ Nevertheless, where (as here) the sole evidentiary basis for the court's order is an affidavit or equivalent declaration offered by the moving party, the order cannot be upheld if the facts stated in that affidavit or declaration do not constitute sufficient grounds for the relief sought. (See *Romer, O'Connor & Co.* v. *Huffman* (1959) 171 Cal.App.2d 342, 347 [341 P.2d 62].) ■ The declaration of the Director of the Department of General Services, upon which the state exclusively relied when it moved for expungement, is devoid of any evidentiary showing that adequate relief can be secured to petitioners by the provision for indemnity. "It is to be presumed that the breach of an agreement to transfer real property cannot be adequately relieved by pecuniary compensation." (Civ. Code, § 3387.)

Let a peremptory writ of mandate issue commanding respondent court to vacate its order entered in civil action No. 207162 on December 23, 1970, directing that petitioners' notice of pendency of action be expunged. Petitioners will recover their costs herein.