[Civ. No. 42127. Second Dist., Div. Two. June 27, 1973.]

GEORGE C. EMPFIELD et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
ADOLPH L. SPICKA et al., Real Parties in Interest.

**COUNSEL**

Earl J. Opsahl for Petitioners.

No appearance for Respondent.

George S. Poppers and James N. Brown for Real Parties in Interest.

**OPINION**

**FLEMING, J.**—Petitioners (the Empfields and Powells) sold an apartment house to the real parties in interest (the Spickas) taking as down payment a parcel of unimproved real property. The Spickas allegedly failed to make payments on trust deeds on the apartment house and, petitioners brought an action for foreclosure of a deed of trust which named them as beneficiaries. The Spickas filed a cross-complaint for rescission or reformation of the transaction, alleging fraud on the part of a real estate salesman and imputing liability to petitioners as principals. On 7 February 1973 the Spickas recorded a lis pendens against the real property given to petitioners as a down payment. Petitioners, who had constructed houses on the real property and had arranged for their sale, discovered the lis pendens on 1 April 1973. They filed a notice of motion to expunge the lis pendens, alleging that their sales would be lost if the lis pendens remained of record. The superior court denied their motion.

The relevant provisions of the Code of Civil Procedure provide: "§ 409. In an action concerning real property or affecting the title or the right of possession of real property, the plaintiff, at the time of filing the complaint,

and the defendant, at the time of filing his answer, when affirmative relief is claimed in such answer, or at any time afterwards, may record in the office of the recorder of the county in which the property is situated, a notice of the pendency of the action, containing the names of the parties, and the object of the action or defense, and a description of the property in that county affected thereby. . . . From the time of filing such notice for record only, shall a purchaser or encumbrancer of the property affected thereby be deemed to have constructive notice of the pendency of the action as it relates to the real property and only of its pendency against parties designated by their real names.

"§ 409.1. . . . . the court in which the action is pending shall, upon motion of a party to the action supported by affidavit, order that the notice be expunged, if it is shown to the satisfaction of the court, by clear and convincing proof, that . . . the party recording the notice has commenced or prosecuted the action for an improper purpose and not in good faith.

"§ 409.2. . . . the court in which the action is pending may order that the notice be expunged if the moving party shall have given an under-taking of such nature, in such amount and within such time as shall be fixed by the court after notice and hearing, such undertaking to be to the effect that the moving party will indemnify the party recording the notice for all damages which he may incur if the notice is expunged and the moving party does not prevail and if the court finds that adequate relief can be secured to the party recording the notice by the giving of such undertaking."

Petitioner Richard Powell declared in support of the motion to expunge "[t]hat plaintiffs are willing to provide an undertaking to indemnify defendants for all damages which they may incur if the said notice is expunged, whereas these plaintiffs will suffer the loss of profits and be subject to further liability if the pending sale is not concluded in accordance with plaintiffs' contract with the purchaser." Adolph Spicka, in opposition, declared that the property subject to the notice is unique and should be returned to him and his wife if they prevail in the main action: "[The] property had become my only source of security for the future and would provide funds for myself and my wife as we approached retirement and old age." He prayed "that the court deny the motion for the expungement of said Notice of Lis Pendens, or, in the alternative, require that the plaintiffs provide an undertaking in a sum sufficient to indemnify defendants for all damages which they might incur as a condition to making such an order."

Assuming that the court properly denied the motion insofar as it rested upon Code of Civil Procedure section 409.1, i.e., that petitioners failed to make the required showing to the satisfaction of the court that the cross-

complaint was not filed in good faith, the situation appears to be the sort contemplated by section 409.2. Real property ordinarily is presumed to be unique. (Civ. Code, § 3387.) ■ Here, however, the Spickas claim the property only for its value as a source of future income and support. Pecuniary relief would equally serve as a source of future income and support. Moreover, it is beyond the court's power to return the real property to the Spickas in its original state because the property has been materially altered by construction of two houses on it. It is therefore manifest "that adequate relief can be secured to" the Spickas by provision for a suitable undertaking. (Code Civ. Proc., § 409.2.) The court abused its discretion in denying petitioners' motion in these circumstances.

■ Petitioners belatedly challenge the constitutionality of the lis pendens statutes on the ground that they deprive petitioners of a significant property interest without due process of law. We reject this contention. The notice of lis pendens does not deprive petitioners of "necessities of life" or any significant property interest. They may still use the property and enjoy the profits from it. (See *Randone* v. *Appellate Department,* 5 Cal.3d 536, 544, fn. 4 [96 Cal.Rptr. 709, 488 P.2d 13].) Concededly, the marketability of the property may be impaired to some degree, but the countervailing interest of the state in an orderly recording and notice system for transactions in real property makes imperative notice to buyers of property of the pending cause of action concerning that property. (*Brandolino* v. *Lindsay,* 269 Cal.App.2d 319, 325 [75 Cal.Rptr. 56]; see *Randone* v. *Appellate Department, supra,* at pp. 554-555.)

A peremptory writ of mandate will issue, directing the superior court to enter an order expunging the notice of lis pendens on the filing of an undertaking in an amount to be determined by the superior court.

Roth, P. J., and Compton, J., concurred.

Petitioners' application for a hearing by the Supreme Court was denied August 22, 1973.