[Civ. No. 17979. Fourth Dist., Div. Two. Sept. 21, 1977.]

JOSEPH A. TRAPASSO, SR., Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
WAJDI MAJDALI, Real Party in Interest.

**COUNSEL**

William C. Beverly, Jr., for Petitioner.

No appearance for Respondent.

Magaram, Riskin, Wayne & Minikes and Morton Minikes for Real Party in Interest.

**OPINION**

**KAUFMAN, J.**—The trial court ordered the expungement of plaintiff's lis pendens and the payment by plaintiff to defendant of $750 attorney fees on condition defendant post security in the amount of $50,000. Pursuant to Code of Civil Procedure section 409.4[1] plaintiff seeks review by petition for writ of mandate, naming defendant as real party in interest. For convenience, petitioner is referred to as plaintiff and real party in interest is referred to as defendant. All statutory references are to the Code of Civil Procedure unless otherwise indicated.

Plaintiff's complaint alleges he paid defendant $30,000 for a one-third interest in an eight-unit apartment house but that defendant refuses to deliver a deed to him or cause the deed to be recorded. In the first cause of action plaintiff seeks specific performance of the agreement to convey a one-third interest in the property plus an accounting of rents. In the second cause of action plaintiff seeks partition by sale of the property together with an accounting of rents. In the third cause of action plaintiff seeks damages for breach of the contract to sell a one-third interest in the

[1]Section 409.4 reads in pertinent part: "An order granting or denying a motion to expunge a notice of pendency of action made pursuant to Section 409.1 or 409.2 shall not be appealable. When such an order is made, the party aggrieved by such order may, within the time hereinafter provided, petition the proper reviewing court to review such order by writ of mandate."

property. In the fourth cause of action plaintiff seeks compensatory and punitive damages for fraud in the inducement of the contract together with a constructive trust on a savings account.

On February 15, 1977, the same day the complaint was filed, plaintiff recorded a notice of lis pendens pursuant to section 409 which authorizes such recordation in conjunction with "an action concerning real property or affecting the title or the right of possession of real property."

On April 8, 1977, defendant moved to expunge the lis pendens pursuant to section 409.2 which provides in pertinent part: "At any time after notice of pendency of an action has been recorded . . . the court in which the action is pending may order that the notice be expunged if the moving party shall have given an undertaking of such nature, in such amount and within such time as shall be fixed by the court after notice and hearing . . . and if the court finds that adequate relief can be secured to the party recording the notice by the giving of such undertaking."

Defendant's motion also sought reasonable attorney fees pursuant to section 409.3 which provides: "When an order is made pursuant to Section 409.1 or Section 409.2 granting or denying a motion to expunge a notice of pendency of action, the order may direct that the prevailing party be awarded reasonable attorneys' fees and costs."

In the declarations supporting defendant's motion it is averred in substance that defendant is the owner of the apartment property, that he denies plaintiff's claim of a one-third ownership interest in the property, but that, in any event, defendant has contracted to sell the property to a third person for $240,542.91 which amount is the fair market value of the property, that although plaintiff claims a one-third ownership interest in the property, plaintiff's complaint establishes that plaintiff is interested only in recovering the monetary value of his interest, that the pending sale would produce cash proceeds through escrow of approximately $88,000 and that, if the court orders expungement of the lis pendens, such order should be made upon the condition that the $88,000 cash proceeds be impounded in the pending escrow and not be distributed except pursuant to order of the court or mutual agreement of the parties.

Plaintiff filed declarations in opposition to the motion for expungement averring in substance that the fair market value of the property is $310,000, that defendant is attempting to sell the property at considerably less than market value to thwart plaintiff and that plaintiff has in fact

paid defendant $30,000 for a one-third undivided ownership interest in the property. A photocopy of a deed to plaintiff executed by defendant conveying such a one-third interest is attached as an exhibit to one of the declarations.

The trial court ordered the lis pendens expunged on condition that defendant post an undertaking in the amount of $50,000 in accordance with the provisions of section 409.2. It was further ordered that plaintiff pay forthwith to defendant $750 attorney fees.

■ Plaintiff first contends a motion to expunge pursuant to section 409.2 is improper prior to judgment and that pretrial expungement may be had only under section 409.1. This contention is devoid of merit. Section 409.2 specifically provides a motion to expunge may be made pursuant thereto "[a]t any time after notice of pendency of an action has been recorded." There is nothing whatever to the contrary in *Howden-Goetzl* v. *Superior Court*, 7 Cal.App.3d 135 [86 Cal.Rptr. 326].

■ Plaintiff next contends that, as a prerequisite to granting a motion to expunge pursuant to section 409.2, the trial court must make a written finding that "adequate relief can be secured to the party recording the notice by the giving of such undertaking." While the section does require such a finding, it does not require the finding be made in writing. (*Swanston* v. *Superior Court*, 15 Cal.App.3d 355, 357 [92 Cal.Rptr. 572].) ■ A ruling on a motion implies a finding by the court of every fact necessary to support the ruling. (*People* v. *West*, 3 Cal.3d 595, 602 [91 Cal.Rptr. 385, 477 P.2d 409]; *Stevens* v. *Stevens*, 268 Cal.App.2d 426, 429 [74 Cal.Rptr. 54]; *Graham* v. *Graham*, 174 Cal.App.2d 678, 682 [345 P.2d 316]; *Fuller* v. *Lindenbaum*, 29 Cal.App.2d 227, 230 [84 P.2d 155]; cf. Evid. Code, § 402, subd. (c); 6 Witkin, Cal. Procedure (2d ed.) pp. 4225-4226.) It is implied, therefore, that the trial court found that adequate relief could be secured to plaintiff by defendant's posting security in the amount of $50,000.

■ The next contention is that the trial court abused its discretion in finding defendant's posting security would afford plaintiff adequate relief. First it is said that real property is unique and that it is presumed that a breach of contract to convey real property cannot adequately be relieved by pecuniary compensation. That is true. (Civ. Code, § 3387.) But where it appears that a party is interested in real property only for its monetary value, the expungement of a lis pendens under section 409.2 is proper. (*Empfield* v. *Superior Court*, 33 Cal.App.3d 105, 108 [108

Cal.Rptr. 375].) Here, plaintiff's complaint establishes that plaintiff is interested only in the monetary value of his interest in the real property. Although the first count of his complaint seeks specific performance, the second count, which is not an alternative count, seeks partition of the property by sale. Thus, if plaintiff were granted the relief he seeks he would end up with only the monetary value of his alleged one-third interest. Under these circumstances the trial court did not abuse its discretion in determining that plaintiff would be afforded adequate relief by defendant's furnishing security.

■ Second, plaintiff contends the trial court abused its discretion in setting the amount of the security at only $50,000. Defendant averred that $240,542.91 is the fair market value of the property and the escrow instructions disclose that the pending sale will produce net proceeds of approximately $98,000 ($88,000 through escrow and $10,000 outside escrow). Taking those figures as true, plaintiff's one-third interest would entitle him to somewhat less than $33,000, and an undertaking in the amount of $50,000 would appear to be adequate security. Defendant is the owner of at least a two-thirds interest in the property, and the opinion of an owner of real property as to its value is competent evidence thereof. (*Burns* v. *Osborne-Fitzpatrick Finance Co.,* 101 Cal.App. 680, 682 [282 P. 419]; see Witkin, Cal. Evidence (2d ed.) § 403, pp. 361-362.) The credit and weight to be given such evidence is for the trier of fact. (*Schroeder* v. *Auto Driveaway Co.,* 11 Cal.3d 908, 921 [114 Cal.Rptr. 622, 523 P.2d 662].) It is true plaintiff's declarations averred that the fair market value of the property was $310,000 or more, but that merely created a conflict between the averments of the declarations. ■ In reviewing an order made on declarations involving the determination of a question of fact, an appellate court is bound by the same rule that controls the resolution of a factual issue on oral testimony; if there is any conflict in the affidavits, those averments favoring the prevailing party must be accepted as true and the facts stated therein must be considered established. (*Stevens* v. *Stevens, supra,* 268 Cal.App.2d at p. 429; *Roberts* v. *Roberts,* 245 Cal.App.2d 637, 642 [54 Cal.Rptr. 223]; *Fuller* v. *Lindenbaum, supra,* 29 Cal.App.2d at p. 230.) ■ Thus, we cannot say the trial court abused its discretion in fixing the amount of the undertaking at $50,000.

We conclude the trial court did not abuse its discretion in ordering the expungement of plaintiff's lis pendens under section 409.2 upon defendant's posting an undertaking of $50,000.

Next, plaintiff attacks the award to defendant of $750 attorney fees.

Initially, we dispose of defendant's contention that the attorney fee award is not reviewable in this mandate proceeding. Defendant points out that the language of section 409.4 authorizing review by petition for writ of mandate (see fn. 1, *ante*) refers only to "[a]n order granting or denying a motion to expunge a notice of. pendency of action made pursuant to Section 409.1 or 409.2" and not to an order for attorney fees made pursuant to section 409.3. It does not follow, however, that an attorney fee order made as an integral part of an order expunging a lis pendens is not reviewable in the same proceeding in which the expungement order is to be reviewed. Such a restrictive reading of section 409.4 is consonant with neither common sense nor the efficient administration of justice. ■ The order for attorney fees is only incidental to the expungement, and, since under section 409.3 attorney fees may be awarded only to the "prevailing party," the fee order may well be affected by the determination of the reviewing court on the propriety of the expungement. This fact as well as conservation of judicial and litigant resources mandates that both parts of the order be reviewed in one appellate proceeding, not two as would be required by the rule proposed by defendant. Accordingly, we hold an attorney fee award pursuant to section 409.3 is reviewable in the mandate proceeding authorized by section 409.4.

Plaintiff contends the award is excessive in amount and that section 409.3 violates constitutional guarantees of due process and equal protection insofar as it authorizes recovery of attorney fees upon expungement of a lis pendens pursuant to section 409.2. ■ We need not consider these contentions for we have concluded that, under the circumstances here presented, no award of attorney fees to defendant was authorized under the statute.

As previously noted, section 409.3 authorizes an award of attorney fees. only to the "prevailing party." Here defendant was not the prevailing party within contemplation of the statute.

■ Section 409.3 and its related code sections were enacted to mitigate against and control misuse of the lis pendens procedure. (*United Professional Planning, Inc.* v. *Superior Court,* 9 Cal.App.3d 377, 385 [88 Cal.Rptr. 551]; *Howden-Goetzl* v. *Superior Court, supra,* 7 Cal.App.3d at pp. 137-138; see Review of Selected 1968 Code Legislation (Cont. Ed. Bar) pp. 60-61; Comment, *Abuses of the California Lis Pendens: An*

*Appeal for Legislative Remedy,* 39 So.Cal.L.Rev. 108.)[2] The determination of which party is the prevailing party must be made with the statutory objective in mind.

When a motion to expunge is made and granted under section 409.1, the moving party is easily classified as the prevailing party, for the trial court will have determined adversely to the resisting party either that the action is not one in which there was a right to record a lis pendens or that the lis pendens was not recorded for a proper purpose and in good faith. (See § 409.1.) When the motion is made and granted under section 409.2, however, the moving party is not necessarily the prevailing party. A motion under section 409.2 does not place in issue the resisting party's right to record a lis pendens nor his proper purpose or good faith in so doing. A motion under section 409.2 presents only two issues: whether adequate relief can be secured to the party recording the notice by the filing of an undertaking and, if so, the proper amount of the undertaking. (See § 409.2.) If, in making a motion for expungement under section 409.2, the moving party offers to furnish a proper undertaking in an amount the court finds adequate and the motion is granted as made over the resistance of the party recording the lis pendens, the moving party may fairly be said to be the prevailing party. But where the security offered by the moving party is determined by the court to be inadequate and the motion is granted on condition greater security is furnished, the moving party should not ordinarily be classified as the prevailing party. Under those circumstances, the resisting party had a right to file the lis pendens in the first instance and resistance to the motion cannot be said to have been unjustified in view of the inadequate security offered by the moving party.

In the case at bench, plaintiff sought, amongst other relief, specific performance, and his action was one "concerning real property or affecting the title or the right of possession of real property." Recording of a lis pendens was, therefore, authorized by section 409. The motion to expunge was made under section 409.2, and plaintiff's purpose and good faith were not in question. As the moving party, defendant proposed that the lis pendens be expunged on condition that the cash proceeds of the pending sale be held in escrow subject to order of the

---

[2]As originally enacted in 1968 section 409.3 authorized recovery of attorney fees only by the moving party and only when expungement was ordered pursuant to section 409.1. (See Stats. 1968, ch. 815, § 3, p. 1572.) In 1976 section 409.3 was amended to authorize recovery of attorney fees by the prevailing party in conjunction with the disposition of a motion under either section 409.1 or section 409.2.

court. The court determined the offered security inadequate and granted the motion on the condition that defendant file an undertaking in the amount of $50,000. Thus, of the two questions presented by the motion, one was determined favorably to defendant and the other adversely. Plaintiff was guilty of no misuse of the lis pendens procedure, either in recording in the first instance or in resisting defendant's motion to expunge. Under these circumstances, defendant was not the "prevailing party."

Let a peremptory writ of mandate issue to the Orange County Superior Court commanding it to vacate that part of its order of April 14, 1977, awarding defendant $750 attorney fees. In all other respects the writ is denied. The alternative writ of mandate heretofore issued is discharged. Each party shall bear his own costs of this proceeding.

Tamura, Acting P. J., and Morris, J., concurred.