[Civ. No. 23200. Fourth Dist., Div. Two. July 16, 1980.]

STEWART DEVELOPMENT COMPANY IV, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
PROPERTY INVESTMENTS WEST, INC., et al.,
Real Parties in Interest.

**COUNSEL**

Roland E. Bye, Vincent K. Schubert and Holzwarth & Schoellerman for Petitioner.

No appearance for Respondent.

Howard F. Harrison, Clifford E. Frieden, Drummy, Garrett, King & Harrison and Rutan & Tucker for Real Parties in Interest.

**OPINION**

KAUFMAN, J.—Pursuant to Code of Civil Procedure section 409.2[1] the trial court granted the motion of defendants Harry S. and Bart F.

---

[1]Code of Civil Procedure section 409.2 provides in pertinent part: "At any time after notice of pendency of an action has been recorded..., the court...may order that the notice be expunged if the moving party shall have given an undertaking of such nature, in such amount and within such time as shall be fixed by the court..., such undertak-

Rinker for expungement of a lis pendens upon condition that the Rinkers post an undertaking in the amount of $600,000. Petitioner seeks review by petition for writ of mandate pursuant to Code of Civil Procedure section 409.4, naming the defendants below, including the Rinkers, as real parties in interest. For convenience, petitioner is referred to as buyer and Harry S. and Bart F. Rinker are referred to as sellers. All statutory references are to the Code of Civil Procedure unless otherwise specified.

Buyer's complaint is in a single count for a specific performance of an alleged contract for the purchase and sale of real property. The property involved is approximately 23 acres of unimproved, industrially zoned land in the City of Walnut. The property is fairly level, is located on the corner of two main traffic arteries, and is across the street from a United States Post Office. The price allegedly agreed upon was $1.68 per square foot cash.

Buyer's purpose in entering into the alleged contract was to acquire the property for commercial development. Although it was only about 12 days between the time buyer learned of the availability of the property until the alleged breach of contract of purchase and sale, the declarations submitted on behalf of buyer in opposition to the motion to expunge the lis pendens state that buyer intended to obtain a change of zone to permit commercial development of at least part of the property and to develop it with 4 commercial pads in excess of one-half acre each and buildings that would provide 70,000 square feet of commercial retail office space, 40,000 square feet of multitenant and commercial space and 90,000 square feet of single-tenant industrial space. The cost of development was estimated by a representative of buyer to be $7.9 million, including the cost of the property itself.

The day after the complaint was filed, buyer recorded a notice of lis pendens pursuant to section 409. Sellers answered the complaint denying the existence of any contract for the purchase and sale of the property and several months later filed a notice of motion to expunge the lis pendens pursuant to section 409.2 (see fn. 1, *ante*).

Most of the factual averments contained in the declarations filed by sellers in support of their motion to expunge relate to the issues of

---

ing to be to the effect that the moving party will indemnify the party recording the notice for *all damages which he may incur if the notice is expunged* and the moving party does not prevail *and if the court finds that adequate relief can be secured to the party recording the notice by the giving of such undertaking.*" (Italics added.)

whether or not any contract exists and, if so, whether the contract is for the sale of real property or sellers' contract rights to the property arising out of an escrow between sellers and the title owners, a family named Comino. With respect to the statutory prerequisite to expungement under section 409.2 that "adequate relief can be secured to the party recording the notice by the giving of [an] undertaking" (see fn. 1, *ante*), the only pertinent averments are that the property in question is commercial property and is not unique inasmuch as a number of comparable parcels are available. It was sellers' position that since the property was commercial property and since plaintiff sought the property to develop it and resell or lease it, it was clear that buyer wanted the property only for its monetary value and that, therefore, sellers' giving an undertaking would afford buyer adequate relief should buyer prevail on the merits.

The declarations filed on behalf of buyer in opposition to the motion aver in essence that because of its substantial size and proximity to two main traffic arteries and a United States Post Office, the property is uniquely well suited to the development proposed by buyer. Buyer argued that because of that fact, the limited measure of damages prescribed for breach of a contract to sell real property (see Civ. Code, § 3306[2]), and the law's regard of loss of future profits of a new enterprise as too speculative to be recovered (see Civ. Code, § 3301; *Macmorris Sales Corp.* v. *Kozak* (1968) 263 Cal.App.2d 430, 443 [69 Cal.Rptr. 719]; *Handley* v. *Guasco* (1958) 165 Cal.App.2d 703, 711-712 [332 P.2d 354]), plaintiff would not be afforded adequate relief by monetary damages secured by an undertaking if the lis pendens were expunged.

The trial court granted the motion to expunge the lis pendens on the express ground that because the property was unimproved land allegedly purchased for commercial development with a view to profit or economic gain, the real interest of buyer was money, "[a]nd, therefore, there [was] no basis for any kind of finding of uniqueness that would

---

[2]Civil Code section 3306 reads: "The detriment caused by the breach of an agreement to convey an estate in real property, is deemed to be the price paid, and the expenses properly incurred in examining the title and preparing the necessary papers, with interest thereon; but adding thereto, in case of bad faith, the difference between the price agreed to be paid and the value of the estate agreed to be conveyed, at the time of the breach, and the expenses properly incurred in preparing to enter upon the land."

justify refusing to expunge a lis pendens."[3] With respect to the problem of the inadequacy of money damages as a remedy, the court took the view that the limited measure of damages prescribed by Civil Code section 3306 (see fn. 2, *ante*) would not be the applicable measure of damages resulting from expungement of the lis pendens should buyer prevail, and that the proper measure of the damages resulting from expungement of the lis pendens would be the difference between the agreed price and the value of the property at the time of trial rather than at the time of breach.

■ Buyer's primary contention is that the trial court abused judicial discretion or utilized an erroneous standard in finding that adequate relief could be secured to plaintiff by defendants' giving an undertaking. We agree.

Section 409.1 governs cases in which a lis pendens has been filed not in good faith or for an improper purpose. Section 409.2 governs cases in which the lis pendens is properly filed, but the party filing the lis pendens can be afforded adequate relief by the posting of an undertaking even if he or she prevails in the action. It is a prerequisite to expungement of a lis pendens under section 409.2 that the court find that the party recording the lis pendens can be afforded adequate relief by the other party's giving an undertaking. (§ 409.2 [see fn. 1, *ante*]; *Sheets* v. *Superior Court* (1978) 86 Cal.App.3d 68, 70-71 [149 Cal.Rptr. 912]; *Trapasso* v. *Superior Court* (1977) 73 Cal.App.3d 561, 567 [140 Cal. Rptr. 821]; *Swanston* v. *Superior Court* (1971) 15 Cal.App.3d 355, 357 [92 Cal.Rptr. 572].)

The basis for the trial court's ruling, and the only basis finding support in the record, is that the property involved is unimproved commercial property being purchased by buyer for development and re-sale or leasing in the expectation of economic gain. Standing alone,

---

[3]In addition to an express statement to this effect, the court expressed the view that "... [t]his [enactment of § 409.2] was an effort to change the law and accept a modern reality that the property isn't that unique. Much more value is involved in properties that are bought and sold for business, commercial and development purposes. [¶] And even homes are not that unique any more. One tract home is not that different from another one down the street or in the next block over. [¶] And about the only type of property that might be unique would be perhaps—perhaps, anyhow, a marina, since I don't know where you could duplicate something like that. Or maybe a farm or a home that someone has some special unique interest in. [¶] In other words, I think that the circumstances of the law now is that it would be rare that you would deny the motion[,] assuming an adequate bond is posted."

those factors do not supply a sufficient basis for the expungement of a lis pendens. (See *Sheets* v. *Superior Court, supra*, 86 Cal.App.3d at p. 71.) A particular parcel of real property is considered to be unique, and it is presumed that a breach of contract to convey real property cannot adequately be relieved by an award of damages. (Civ. Code, § 3387; *Trapasso* v. *Superior Court, supra*, 73 Cal.App.3d at p. 567; see *Empfield* v. *Superior Court* (1973) 33 Cal.App.3d 105, 108 [108 Cal.Rptr. 375].) In the case at bench, far from indicating that the parcel of property involved was not unique, the facts that buyer intended to develop the property extensively and resell or lease portions of it and that the development of the property was related to its substantial size and its proximity to two principal thoroughfares and a United States Post Office indicate that so far as buyer is concerned, the property is unique. To reap the contemplated financial rewards, buyer must develop the property; to develop the property it must have the property, not money damages secured by an undertaking. The averments contained in the declarations filed in support of the motion to expunge relating to the availability of comparable parcels actually demonstrate that no really comparable parcel of property was available in the general area, and sellers themselves argue that if plaintiff should prevail at trial, it would not be entitled to recover its claimed lost profits because their realization would be too speculative and uncertain.

■ The trial court's notion that in enacting section 409.2 the Legislature meant virtually to abolish the remedy of specific performance in respect to contracts for purchase and sale of various kinds of real property, including unimproved, commercially zoned property, is mistaken. Section 409.2 was enacted as part of a statutory scheme to control misuse of the lis pendens procedure. (See *Trapasso* v. *Superior Court, supra*, 73 Cal.App.3d at p. 569; *United Professional Planning, Inc.* v. *Superior Court* (1970) 9 Cal.App.3d 377, 385 [88 Cal.Rptr. 551]; *Howden-Goetzl* v. *Superior Court* (1970) 7 Cal.App.3d 135, 137-138 [86 Cal.Rptr. 323]; see Review of Selected 1968 Code Legislation (Cont. Ed. Bar) pp. 60-61; Comment, *Abuses of the California Lis Pendens: An Appeal for Legislative Remedy* (1966) 39 So.Cal.L.Rev. 108.) It was not intended as a means of eliminating the remedy of specific performance on a wholesale basis. Had that been the legislative intent, the Legislature would no doubt contemporaneously with the adoption of section 409.2 have amended or repealed the many statutory provisions relating to specific performance of contracts for the sale of real property (see, e.g., Civ. Code, §§ 3375, 3387, 3395; Code Civ.

Proc., § 1972), especially Civil Code section 3387 which provides: "It is to be presumed that the breach of an agreement to transfer real property cannot be adequately relieved by pecuniary compensation."

In *Trapasso v. Superior Court, supra,* 73 Cal.App.3d at page 567, we stated that "where it appears that a party is interested in real property only for its monetary value, the expungement of a lis pendens under section 409.2 is proper." But there is a vast difference between the party who recorded the lis pendens being interested in the real property "only for its monetary value" and his, her or its being interested in the property for development and, ultimately, pecuniary gain or profit. The difference is illustrated by comparing the instant case with the *Trapasso* case and the case of *Empfield v. Superior Court, supra,* 33 Cal.App.3d 105, in which expungement of a lis pendens was also upheld on review.

In the *Trapasso* case the plaintiff sought not only specific performance but, in addition, partition by sale, so that the ultimate relief he would have received had he been fully successful in the action was the recovery of money. Thus the plaintiff in *Trapasso* was interested in the real property "only for its monetary value."

The same was true in *Empfield* where the plaintiffs sought to recover the property transferred by them to defendants in connection with a sale and exchange of real property. Expungement of the lis pendens was upheld because after the transfer of title, houses had been constructed upon the transferred land fundamentally altering its character, and plaintiffs' claim that the property was unique was based upon an averment that the property "'had become my only source of security for the future and would provide funds for myself and my wife as we approached retirement and old age.'" (33 Cal.App.3d at p. 107.) Of course, "security for the future" and "funds for myself and my wife as we approached retirement and old age" could both be secured to the resisting party by an award of money damages. Thus, again the only interest in the property of the party recording the lis pendens was on account of its monetary value.

By contrast, in the case at bench buyer's purpose in entering into the alleged contract to purchase the property was to develop it extensively with commercial buildings and building pads, and buyer wanted this specific property because of its substantial size, its corner location and

its proximity to two main thoroughfares and a United States Post Office. Thus, buyer is interested in this particular parcel of property as such, not just the monetary value of the property.

 We conclude that the trial court utilized an erroneous standard in its determination as to whether or not buyer would be afforded adequate relief by the posting of an undertaking.

Sellers urge that even so we should affirm the trial court's order by resort to the rule that an order correct in law will not be overturned on review even if the trial court's reasoning was erroneous. (See *D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 18-19 [112 Cal. Rptr. 786, 520 P.2d 10]; *Davey* v. *Southern Pacific Co.* (1897) 116 Cal. 325, 329 [48 P. 117].) Sellers assert that the order expunging the lis pendens was correct, because buyer has little chance of prevailing on the merits and that that is a fact the trial court was entitled to consider.

 We agree that in determining whether the party filing the lis pendens can be afforded adequate relief by the posting of an undertaking, the court may consider as one factor the probability or improbability that that party will prevail on the merits. (Cf. *Howden-Goetzl* v. *Superior Court, supra*, 7 Cal.App.3d at p. 140.) However, that factor should be decisive only in a case in which as a matter of law the resisting party has virtually no chance of prevailing. In a case like that at bench in which the declarations indicate a close contest on the merits, the statute does not contemplate the court's conducting a minitrial of the merits in determining the motion to expunge nor the court's speculating on the outcome of a trial on the merits. (*Id.*)

 Moreover, it would be inappropriate to invoke the rule relied on by defendants to uphold a lis pendens expungement order in respect to which the trial court was called upon to exercise its judicial discretion (see *Sheets* v. *Superior Court, supra*, 86 Cal.App.3d at p. 70; *Trapasso* v. *Superior Court, supra*, 73 Cal.App.3d at pp. 567-568). Where the trial court has employed an erroneous standard in exercising its discretion, the situation is much the same as where the trial court has altogether failed to exercise its discretion. Since it is the trial court's discretion to which the statute commits the determination, not that of the reviewing court, the appropriate action by the reviewing court is to reverse the order so that the trial court may exercise its discretion utilizing a legally correct standard.

If, upon remand, the trial court is unable to find that buyer can be afforded adequate relief in the event it prevails on the merits by sellers' furnishing an undertaking, the statutory prerequisite to expungement will have failed and there can be no expungement under section 409.2. The amount of such undertaking will not be in issue. If, however, upon such further showing as it may allow, the court properly finds that adequate relief can be afforded buyer by sellers' giving an undertaking, the amount of the undertaking will be in question. It is therefore appropriate that we attempt to resolve the question of a proper measure of damages inasmuch as that will affect the amount of the undertaking to be furnished. (See Code Civ. Proc., § 43.) On this issue the trial court concluded that the language of section 409.2, "such undertaking to be to the effect that the moving party will indemnify the party recording the notice for all damages which he may incur if the notice is expunged," contemplates a fuller recovery than that authorized by Civil Code section 3306 (see fn. 2, *ante*). It concluded that the proper measure of the damages resulting from expungement of the lis pendens is the difference between the contract price and the market value of the property at the time of trial.

■ We agree with the trial court that the damages recoverable should the lis pendens be expunged and the moving party not prevail on the merits are not limited by Civil Code section 3306. In the first place, the statutory language refers to the damages resulting from the expungement of the lis pendens, not the damages flowing from the breach of contract. Secondly, the damages recoverable under Civil Code section 3306 are so severely limited that if the party resisting the motion to expunge could recover only those damages, it is difficult to perceive how he, she or it could ever be afforded adequate relief by the giving of an undertaking, and section 409.2 would be rendered virtually useless.

We are less sanguine, however, as to the proper measure of damages in all cases. The statute speaks of "all damages" resulting from the expungement of the lis pendens, and we see no exceptional difficulty in applying that measure of damages—all damages proximately resulting from the expungement of the lis pendens. It appears to us that the trial court was correct in indicating that the proper measure of damages in the instant case would be the difference between the contract price for the property and the market value of the property at the time of trial. In view of the uncertainty of the success of buyer's development plan, buyer's expected profits must be considered entirely too speculative to

constitute a recoverable item of damages. (See Civ. Code, § 3301; *Macmorris Sales Corp.* v. *Kozak, supra*, 263 Cal.App.2d at p. 443; *Handley* v. *Guasco, supra*, 165 Cal.App.2d at pp. 711-712.) Buyer would surely assert at trial that its proposed development of the property would constitute the highest and best use of the property, and to that extent its market value at trial would reflect at least in part buyer's proposed use of the property. However, we are not prepared to say that in all cases the recovery of lost profits would be precluded. Suppose, for example, the property agreed to be sold was a hotel or other income-producing improved property having a substantial history of profitable operation. Neither are we prepared to say that in every case the difference between the contract price of the property and its value at the time of trial will afford the most appropriate measure of damages. Suffice it to say that the damages recoverable are all of those proximately resulting from the expungement of the lis pendens. The specific items recoverable as damages will depend upon the facts of the particular case and is best left to adjudication on a case-by-case basis.

Let a peremptory writ of mandate issue to the Orange County Superior Court commanding it to vacate its order expunging plaintiff's lis pendens and to redetermine in a manner consistent with this opinion the question whether adequate relief can be secured to plaintiff by defendants' giving an undertaking and, if so, the appropriate amount of such undertaking. The alternative writ heretofore issued is discharged. The stay order heretofore made is terminated.

Tamura, Acting P. J., and McDaniel, J., concurred.