[No. A093684. First Dist., Div. One. Oct. 24, 2001.]

ALEXANDER REESE, Plaintiff and Appellant, v.
HUNG KIM WONG et al., Defendants and Respondents.

COUNSEL

Thomas J. LaLanne for Plaintiff and Appellant.

Gordon & Rees, John F. Hughes and Dennis J. Leader for Defendants and Respondents.

OPINION

SWAGER, J.—A buyer appeals from that portion of a judgment entered on a jury verdict awarding him $35,000 in damages from sellers for breach of a contract to sell him certain real property. The amount of the award was based on the difference between the contract price and the fair market value of the property at the time of the breach. (Civ. Code, § 3306 (hereafter section 3306).) The buyer contends the trial court should have instructed that the measure of damages was the difference between the contract price and fair market value of the property at the time of trial. We conclude that the court did not err and we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In mid-November 1998, appellant Alexander Reese and respondents Hung Kim Wong and Pui Yung Wong signed a contract under which respondents agreed to sell appellant a two-story commercial building on San Bruno Avenue in San Francisco for $1,085,000. Approximately two weeks later, on December 1, respondents sent appellant a notice canceling the contract on the ground that he had not removed certain inspection contingencies within the contract deadline. Appellant replied that respondents had misinterpreted the contract. On December 10, respondents notified appellant that he had failed to meet the contract deadline for submitting proof of financing and gave him 24 hours to provide that information. The following day, respondents notified appellant that they were terminating the contract. Appellant learned subsequently that on December 1, respondents had accepted an offer from another buyer to purchase the property for $1,120,000, which was $35,000 more than appellant had agreed to pay.

Appellant filed a complaint seeking specific performance of the contract and a notice of pendency of action (lis pendens). (Code Civ. Proc., § 405 et seq.) Respondents moved to expunge the lis pendens on the alternative grounds that appellant could not establish the probable validity of his claim and that adequate relief could be secured by an undertaking. Appellant opposed the motion, arguing in part that the property was unique and that an

undertaking could not protect his interest as a matter of law. The trial court granted the motion, expunging the lis pendens on condition that respondents filed an undertaking of $35,000. The court's order states in part: "The Court finds that adequate relief may be secured to Plaintiff by this undertaking. The Court is not persuaded that this piece of commercial property holds a unique value to Plaintiff for which damages cannot make him whole should he prevail in this action." Appellant filed a petition for writ of mandate in this court, challenging the order. We summarily denied the petition (case No. A086112).

Appellant moved to increase the undertaking to $175,000, arguing that it should include costs and attorney fees that would be awarded to him if he prevailed at trial. Relying on *Stewart Development Co. v. Superior Court* (1980) 108 Cal.App.3d 266 [166 Cal.Rptr. 450] (*Stewart*), he also argued that the amount of undertaking should be determined by comparing the contract price of the property to its market value at the time of trial. Respondents opposed the motion on several grounds, including that any increase in value of the property could not be used to determine appellant's damages, if any. The trial court modified its order for expungement, conditioning that order on an undertaking of $145,000. Respondents posted the required undertaking, and also filed a petition for writ of mandate in this court challenging the order. This court summarily denied the petition (case No. A088460).

By the time the matter was tried, the property had been sold. Trial was by jury. Before trial, the court granted respondents' in limine motion to establish that the proper measure of damages for appellant's contract claim was that stated in section 3306, the difference between the contract price and the fair market value at the time of the breach. The court rejected appellant's argument, based on *Stewart, supra,* 108 Cal.App.3d 266, that the appropriate measure was the difference between the contract price and the value of the property at the time of trial.[1] At the conclusion of the trial, the court instructed the jury with BAJI No. 10.94, which restates the substance of section 3306.

In a special verdict, the jury found that respondents breached the contract by sending their December 1, 1998, letter, and it awarded appellant $35,000

---

[1]After the trial court granted respondents' in limine motion, appellant filed a petition for writ of mandate and a request for a stay in this court. We summarily denied both (case No. A092458).

in damages. Judgment was entered on the verdict.[2] Appellant has appealed only from that portion of the judgment specifying the award of damages.

## DISCUSSION

Appellant contends that the trial court erred by limiting his damages to the difference between the contract price of the property at issue and its fair market value at the time of the breach.

Since its enactment in 1872, section 3306 has established the buyer's measure of damages when a seller breaches a contract for the sale of real property. As originally enacted, the statute provided: "The detriment caused by the breach of an agreement to convey an estate in real property, is deemed to be the price paid, and the expenses properly incurred in examining the title and preparing the necessary papers, with interest thereon; but adding thereto, in case of bad faith, *the difference between the price agreed to be paid and the value of the estate agreed to be conveyed, at the time of the breach,* and the expenses properly incurred in preparing to enter upon the land." (Historical and Statutory Notes, 12 West's Ann. Civ. Code (1997 ed.) foll. § 3306, p. 254, italics added.)

Section 3306 was amended in 1983 to delete the requirement of bad faith for recovery of the difference between the agreed price and the value of the property and to permit the recovery of consequential damages and interest. (Stats. 1983, ch. 262, § 1, p. 806; see *Stevens Group Fund IV v. Sobrato Development Co.* (1991) 1 Cal.App.4th 886, 892 [2 Cal.Rptr.2d 460].) The statute now provides: "The detriment caused by the breach of an agreement to convey an estate in real property, is deemed to be the price paid, and the expenses properly incurred in examining the title and preparing the necessary papers, *the difference between the price agreed to be paid and the value of the estate agreed to be conveyed at the time of the breach,* the expenses properly incurred in preparing to enter upon the land, consequential damages according to proof, and interest." (§ 3306, italics added.)

Both versions of section 3306 include the same unambiguous language regarding the price value differential, and courts have consistently read that language according to its plain meaning. (See *Nelson v. Fernando Nelson & Sons* (1936) 5 Cal.2d 511, 517-518 [55 P.2d 859] [under former § 3306, plaintiff entitled to increase in market value from date of agreement to date of repudiation in bad faith by defendant]; *Mercer v. Lemmens* (1964) 230

---

[2]Sometime before trial, appellant's action was consolidated with a related action against respondents by Robert Lee, doing business as Embassy Realty. This appeal does not involve that portion of the judgment involving the action by Lee.

Cal.App.2d 167, 172-173 [40 Cal.Rptr. 803] [same]; *Stevens Group Fund IV v. Sobrato Development Co., supra,* 1 Cal.App.4th at p. 892 [under § 3306 as amended, plaintiff entitled to difference between contract price and fair market value at time of breach plus consequential damages, but lost rental income is not properly an item of consequential damages when fair market value is based in part on income capitalization]; *Al-Husry v. Nilsen Farms Mini-Market, Inc.* (1994) 25 Cal.App.4th 641, 651 & fn. 16 [31 Cal.Rptr.2d 28] [breach of contract for sale of business and underlying real property; market-contract differential component of damages was zero when there was no evidence the value of the business was higher or lower than the contract price]; see 9 Miller & Starr, Cal. Real Estate (2d ed. 1990) § 30:27, p. 342.) This court itself has recently described section 3306 as providing for "loss-of-bargain damages" measured by the difference between the contract price and the fair market value on the date of the breach. (*Rifkin v. Achermann* (1996) 43 Cal.App.4th 391, 394-398 [50 Cal.Rptr.2d 661] [holding that buyer under real estate contract may recover prejudgment interest from defaulting seller on such damages].)

Undaunted by that settled law, appellant reiterates the argument he made unsuccessfully in the trial court based on *Stewart, supra,* 108 Cal.App.3d 266, that section 3306 does not apply in an action for specific performance in which that remedy cannot be granted because a lis pendens was expunged and the property has been sold. The argument is not persuasive.

*Stewart* was decided in 1980, before Civil Code section 3306 was amended to permit the recovery of consequential damages and to eliminate the bad faith requirement. The buyer in *Stewart* sued for specific performance of a contract to purchase a large parcel of unimproved commercial property that it intended to develop. The buyer also filed a lis pendens. The seller denied the existence of the contract and moved to expunge the lis pendens under former section 409.2 of the Code of Civil Procedure, which authorized expungement if the moving party provided an undertaking sufficient to " 'indemnify the party recording the notice for all damages which he may incur if the notice is expunged and the moving party does not prevail and if the court finds that *adequate relief can be secured to the party recording the notice by the giving of such undertaking.*' " (*Stewart, supra,* 108 Cal.App.3d at pp. 269-271 & fn. 1, italics omitted.)[3]

The trial court found that the property was not unique and that the buyer's real interest was making money. It granted the motion to expunge on

---

[3]Former section 409.2 of the Code of Civil Procedure was repealed in 1992. Code of Civil Procedure section 405.33 continues the rule providing for expungement upon filing of an undertaking if the court finds that adequate relief can be secured by the undertaking. (Stats. 1992, ch. 883, §§ 1, 2, pp. 4100, 4102-4103; see code com., 14 West's Ann. Code Civ. Proc. (2001 supp.) foll. § 405.33, p. 191.)

condition the seller furnish an undertaking. With respect to the amount of the undertaking, the trial court stated that the limited measure of damages in section 3306 would not apply. Without citation of authority or explanation of its rationale, it concluded that the proper measure of damages resulting from expungement, should the buyer prevail, would be the difference between the agreed price and the value of the property at the time of trial rather than at the time of breach. (*Stewart, supra,* 108 Cal.App.3d at pp. 271-272.)

The buyer petitioned for a writ of mandate, arguing that the trial court used an erroneous standard in finding that an undertaking would afford adequate relief. The *Stewart* court agreed, reasoning as follows. A particular parcel of real property is considered to be unique, and under Civil Code section 3387, it is presumed that a breach of contract to convey real property cannot adequately be relieved by an award of damages. The underlying facts demonstrated that as far as the buyer was concerned, the property was unique, and the seller's own declarations established that no comparable parcel was available in the area. Standing alone, the fact that the property was unimproved commercial property being purchased for development in the expectation of economic gain was not a sufficient basis for expungement of the lis pendens. (*Stewart, supra,* 108 Cal.App.3d at pp. 272-273.)

The *Stewart* court vacated the order expunging the lis pendens and re-manded for the trial court to "exercise its discretion utilizing a legally correct standard" and redetermine whether adequate relief could be provided by an undertaking and if so, the appropriate amount. (*Stewart, supra,* 108 Cal.App.3d at pp. 275, 277.) On the latter issue, the court agreed with the trial court that the proper measure of damages to indemnify the buyer for damages it might incur if the lis pendens were expunged was not limited by section 3306. The court reasoned, "In the first place, the statutory language [of former section 409.2 of the Code of Civil Procedure] refers to the damages resulting from the expungement of the lis pendens, not the damages flowing from the breach of contract. Secondly, the damages recoverable under Civil Code section 3306 are so severely limited that if the party resisting the motion to expunge could recover only those damages, it is difficult to perceive how he, she or it could ever be afforded adequate relief by the giving of an undertaking, and section 409.2 would be rendered virtually useless." (*Stewart, supra,* at p. 276.)

The *Stewart* court also cautioned, "We are less sanguine, however, as to the proper measure of damages in all cases. The statute speaks of 'all damages' resulting from the expungement of the lis pendens, and we see no exceptional difficulty in applying that measure of damages—all damages proximately resulting from the expungement of the lis pendens. It appears to

us that the trial court was correct in indicating that the proper measure of damages in the instant case would be the difference between the contract price for the property and the market value of the property at the time of trial. In view of the uncertainty of the success of buyer's development plan, buyer's expected profits must be considered entirely too speculative to constitute a recoverable item of damages. [Citations.] Buyer would surely assert at trial that its proposed development of the property would constitute the highest and best use of the property, and to that extent its market value at trial would reflect at least in part buyer's proposed use of the property. However, we are not prepared to say that in all cases the recovery of lost profits would be precluded. Suppose, for example, the property agreed to be sold was a hotel or other income-producing improved property having a substantial history of profitable operation. Neither are we prepared to say that in every case the difference between the contract price of the property and its value at the time of trial will afford the most appropriate measure of damages. Suffice it to say that the damages recoverable are all of those proximately resulting from the expungement of the lis pendens. The specific items recoverable as damages will depend upon the facts of the particular case and [are] best left to adjudication on a case-by-case basis." (*Stewart, supra,* 108 Cal.App.3d at pp. 276-277.)

Despite its broad language about recoverable damages, *Stewart, supra,* 108 Cal.App.3d 266, does not support appellant's claim that the trial court erroneously instructed on the proper measure of damages in the present case. ▮ Appellant's reading of *Stewart* ignores the basic principle that language in a judicial opinion must be understood in accordance with the facts and issues before the court. "An opinion is not authority for propositions not considered." (*Chevron U.S.A., Inc. v. Workers' Comp. Appeals Bd.* (1999) 19 Cal.4th 1182, 1195 [81 Cal.Rptr.2d 521, 969 P.2d 613].) *Stewart* was an original writ proceeding challenging an order for expungement of a lis pendens, not an appeal from a judgment in a contract action. Furthermore, the specific and narrow question that the *Stewart* court decided was whether the trial court applied the wrong standard in evaluating the motion for expungement, mistakenly assuming that an undertaking would be adequate simply because the property at stake was unimproved commercial property being purchased for development. The *Stewart* court's comments about the meaning of the "all damages" provision of former section 409.2 of the Code of Civil Procedure were not necessary to its decision on that narrow question. Instead, those advisory comments were intended for guidance on remand only if the trial court decided again that the property was not unique

and that an undertaking would be sufficient.[4] (See *CMSH Co. v. Antelope Development, Inc.* (1990) 223 Cal.App.3d 174, 180 [272 Cal.Rptr. 605] [describing *Stewart* court's discussion of damages recoverable should lis pendens be expunged as dicta].)

We observe that the *Stewart* court offered no citation of authority supporting its suggestion that a sufficient undertaking would be the difference between the contract price and the market value at the time of trial. Nor did that court explain how a trial court might ascertain that difference when determining the amount of an undertaking, given that a motion to expunge might well precede a trial on the merits of the underlying action by many months, if not years. But it is unnecessary to decide whether the *Stewart* court correctly interpreted the "all damages" provision of the lis pendens statute.[5] Whatever the merits of that court's advisory comments in the precise factual and procedural context of the *Stewart* case itself, they must be limited to that context. *Stewart* cannot reasonably be read as authority carving out an exception to section 3306 by mandating a different measure of damages in a contract action if a lis pendens has been expunged.

■ Trying another approach, appellant notes that after *Stewart, supra,* 108 Cal.App.3d 266 was decided, the Legislature amended section 3306 to allow the recovery of consequential damages. He urges that the appreciation in value of property from the time of the breach to the time of trial constitutes consequential damages within the meaning of the statute and the contemplation of the Legislature.

■ Under well-established principles of statutory construction, we must assume that the Legislature has in mind existing laws when it enacts or amends a statute. The failure of the Legislature to change the law in one respect when it makes changes in other respects indicates legislative intent to leave the law as it stands in those matters not amended. (*Estate of McDill* (1975) 14 Cal.3d 831, 837-838 [122 Cal.Rptr. 754, 537 P.2d 874].) When courts have construed a statute and the Legislature thereafter reenacts that

---

[4]We have denied appellant's request that we take judicial notice of the 1980 petition for writ of mandate filed by the Stewart Development Company IV in this matter.

[5]The Legislature has already expressed disapproval of at least one aspect of the *Stewart* court's decision. Code of Civil Procedure section 405.33 now provides in pertinent part: "For purposes only of determining under this section whether the giving of an undertaking will secure adequate relief to the claimant, the presumption of Section 3387 of the Civil Code that real property is unique shall not apply, except in the case of real property improved with a single-family dwelling which the claimant intends to occupy." The code comment to this section explains that a presumption of uniqueness is often inappropriate with respect to commercial real estate. "The essence of commercial activity is the earning of money; loss of a commercial investment opportunity can normally be offset by a pecuniary award." (Code com., 14 West's Ann. Code Civ. Proc., *supra*, foll. § 405.33, p. 191.)

statute without changing its language, the Legislature is presumed to have been aware of and acquiesced in the judicial construction. (*People v. Bouzas* (1991) 53 Cal.3d 467, 475 [279 Cal.Rptr. 847, 807 P.2d 1076]; *People v. Weidert* (1985) 39 Cal.3d 836, 845-846 [218 Cal.Rptr. 57, 705 P.2d 380].)

 As we have already explained, courts in the past have consistently read section 3306, as originally enacted, according to its plain language: in the case of bad faith, the measure of damages was the difference between the price agreed to be paid and the value of the property at the time of the breach. (See, e.g., *Brandolino v. Lindsay* (1969) 269 Cal.App.2d 319, 324 [75 Cal.Rptr. 56].) Although the Legislature eliminated that bad faith requirement in 1983, it did not alter the statutory language specifying the measure of damages. The only reasonable presumption is that no change was intended.

Furthermore, nothing in the legislative history of the amendment, which was discussed in *Stevens Group Fund IV v. Sobrato Development Co., supra,* 1 Cal.App.4th 886, suggests that the Legislature intended the radical change in the measure of damages that appellant espouses. On the matter of including consequential damages, the *Stevens* court noted a legislative committee report indicating that the provision would conform the measure of damages to the general contract measure specified in Civil Code section 3300. (*Stevens Group Fund IV, supra,* at p. 892.) One treatise writer has suggested that the amendment means that a buyer's lost profits could be recovered under appropriate circumstances, if the buyer purchased the property for purposes of resale and the seller was aware of the buyer's purpose. (9 Miller & Starr, Cal. Real Estate, *supra,* § 30:27, p. 344 & fn. 3.) But the legislative history provides no support for appellant's theory that by expressly permitting the recovery of consequential damages, the Legislature impliedly intended to establish alternative measures of damages, with the price/market value differential based in some cases on the time of the breach and in others, on the time of the trial. "The language of the statute is clear. It does not provide for alternative measures of damages." (*Stevens Group Fund IV, supra,* at p. 893.)

 We observe that appellant's theory of damages is incompatible with the principle that contract damages are ordinarily limited to those within the contemplation of the parties when they entered into the contract or to those reasonably foreseeable by them at that time. " 'This limitation on available damages serves to encourage contractual relations and commercial activity by enabling parties to estimate in advance the financial risks of their enterprise.' [Citation.]" (*Erlich v. Menezes* (1999) 21 Cal.4th 543, 550 [87 Cal.Rptr.2d 886, 981 P.2d 978].) Under appellant's novel theory,

contract damages would be dependent not on the reasonable expectations of the parties at the time of their contracts, but on the fluctuations in the real estate market, the existence of congestion in the calendars of trial courts, and the success of the parties in delaying or advancing trial dates, depending on which tactic was to their advantage.

We acknowledge appellant's argument that it is unfair under the circumstances not to measure his damages as of the date of trial, but our limited role in interpreting statutes is to follow the Legislature's intent as exhibited by the plain meaning of the actual words of the statutes. (*California Teachers Assn. v. Governing Bd. of Rialto Unified School Dist.* (1997) 14 Cal.4th 627, 632-633 [59 Cal.Rptr.2d 671, 927 P.2d 1175].) Section 3306 does not authorize damages based on the value of property at the time of trial, and we are not authorized to rewrite that statute or insert qualifying provisions not included by the Legislature.[6] (See *People v. One 1940 Ford V-8 Coupe* (1950) 36 Cal.2d 471, 475 [224 P.2d 677].)

For all the foregoing reasons, the trial court correctly instructed on the measure of damages as set forth in section 3306. The judgment is affirmed.

Stein, Acting P. J., and Marchiano, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 3, 2002.

---

[6]Like the court in *Stewart, supra,* 108 Cal.App.3d 266, we note that the specificity of Civil Code section 3306 is in marked contrast to the language of the statute conditioning expungement of a lis pendens on the filing of an undertaking. Code of Civil Procedure section 405.33 provides broadly that the undertaking must be "in such amount as will indemnify the claimant for all damages proximately resulting from the expungement which the claimant may incur if the claimant prevails upon the real property claim." The section also provides that recovery may be had on the undertaking pursuant to Code of Civil Procedure section 996.440 (authorizing enforcement of liability on a bond in an action by a motion). Nevertheless, because the issue is not before us, we express no opinion on what appellants would be entitled to recover on a motion to enforce the undertaking.