[Civ. No. 54155. Second Dist., Div. Two. Nov. 2, 1978.]

DAVID SHEETS et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
HAHN DEVCORP, Real Party in Interest.

COUNSEL

Chung & Tinberg and Sidney Tinberg for Petitioners.

No appearance for Respondent.

Barrett, Stearns, Collins, Gleason & Kinney and Stephen J. Densmore for Real Party in Interest.

OPINION

ROTH, P. J.—Proceeding in mandate to require respondent court to vacate an order denying petitioners' motion to expunge a lis pendens and enter a new and different order granting said motion. We granted an alternative writ.

FACTS

In January 1977, petitioners (Sheets) and real party (Devcorp) entered into a written option agreement by which Devcorp was granted an exclusive option to purchase certain real property uniquely appropriate if permitted by zoning for supermarket development consisting of 10.4 acres, more or less, for the sum of $334,000. Petitioner knew that Devcorp desired the property for supermarket development. The option was to be exercised on or before midnight, May 31, 1977, and contained certain provisions for extension of the option by written notice (¶8.1 and ¶2.4) and upon the payment of specified consideration (¶3.2). There was also a provision for automatic termination of the option (¶2.5). Paragraph 2.5 incorporated paragraph 2.4 which in turn incorporated paragraph 8.1.

Devcorp made two payments for extension of the option, one in June and one in July. When the notice and payments fell due in August, however, an agent of Devcorp allegedly called Sheets and requested an extension of time until "after" a city council meeting which was to deal with zoning questions. Devcorp now contends that an extension was granted (although one of the coowners was not contacted by Devcorp) while Sheets contends that no extension was granted. In any event, the notice and payment were not tendered by Devcorp to Sheets until August 5, 1978. At this point Sheets refused the tender and all subsequent tenders.

Devcorp filed an action for specific performance and a lis pendens, alleging that it had, with petitioner's knowledge, expended substantial sums of money to investigate the development of a shopping center on the property, that it wants the land itself and not damages, that it has validly exercised the option, and that it is ready, willing and able to perform its side of the land sale agreement.

Sheets filed a motion for summary judgment and a motion to expunge the lis pendens, offering to file an undertaking in such amount as should be determined by the court. Both the motion for summary judgment and the motion to expunge the lis pendens were denied. Sheets then filed this petition to require the superior court to expunge the lis pendens, arguing that, pending trial on the merits, he must pay all carrying costs, he is unable to sell the property, and the value of the property may decrease in the event zoning changes are made in the meantime.

## DISCUSSION

A notice of lis pendens is absolutely privileged, and cannot be the basis of an action for slander of title. (*Albertson* v. *Raboff*, 46 Cal.2d 375, 379 [295 P.2d 405]; see Note (1956) 30 So.Cal.L.Rev. 107; Note (1956) 4 UCLA L.Rev. 159.) As Witkin properly points out, the procedure is easily invoked, with little or no hazard to the party who filed the lis pendens, for the purpose of clouding title and to force settlement of groundless suits, and has been the subject of much criticism. (See 30 So.Cal.L.Rev. 107.) In 1968 the Legislature enacted remedial legislation, derived mainly from a New York statute, authorizing expungement of a notice wrongfully recorded, or of a good notice on furnishing bond. Code of Civil Procedure section 409.2 provides for expungement upon the filing of an undertaking fixed by the court, and section 409.4 provides for review of the ruling by writ of mandate.

■ The question whether there was a valid extension of the option, or whether the option automatically terminated, is a question for the trier of fact. The question whether to expunge or not to expunge a lis pendens is committed to the sound discretion of the superior court. Code of Civil Procedure section 409.2 provides for the expungement of the lis pendens upon the filing of an undertaking, ". . . if the court finds that adequate relief can be secured to the party recording the notice by the giving of such undertaking."

When, after a full hearing, the superior court refused to expunge the lis pendens, it impliedly found that Devcorp would not be secured ade-

quately by the filing of an undertaking. Devcorp's verified return shows, and it is not denied, that Devcorp is ready, willing and able to perform the contract, if any, in all respects. It says it wants the land, and not damages. Certainly, if Sheets fears that the value of the land may decrease, Sheets need merely accept Devcorp's tender to perform.

While we recognize the fact that a lis pendens is often misused in transactions involving real estate, in this case which involves a fairly large and unique piece of commercial real estate we cannot say that the superior court has abused its discretion. Sheets can, of course, move to advance and specially set for trial. The petition is denied.

Compton, J., and Beach, J., concurred.