OPINION OF THE COURT
Alan Lebowitz, J.
The issue to be resolved in this counterclaim is whether the *249 filing of a lis pendens in support of an action for specific performance gives rise to a cause of action for abuse of process and malicious prosecution.
The instant proceeding arises out of a counterclaim for abuse of process and malicious prosecution interposed in the answer to the complaint for specific performance to enforce a sale of real property.
The facts are as follows:
Plaintiffs and defendant entered into a contract for the sale of premises 221-227 East 5th Street, Brooklyn, New York. Prior to closing, plaintiffs’ attorneys advised defendant that the contract was being assigned to Kensington Associates, a partnership in which plaintiffs were 2 of 5 partners. The attorneys further advised that the assignment will be executed at the time of closing and requested that all documents be made out in the name of the assignee. On the adjourned date, the closing did not take place and the plaintiffs commenced an action for specific performance and the lis pendens was filed in the Kings County Clerk’s office.
The original action was subsequently dismissed by this court on the grounds that plaintiffs had assigned the contract and therefore were not the proper parties to bring this action. Thereafter, by order of this court, dated October 4, 1985, the lis pendens was discharged. However, the court did not rule on the merits of defendant’s counterclaim.
Abuse of process has three elements: (1) regularly issued process, either civil or criminal; (2) an intent to do harm without excuse or justification; and (3) use of the process in a perverted manner to obtain a collateral objective. (Board of Educ. v Farmingdale Classroom Teachers Assn., 38 NY2d 397, 403 [1975].)
The defendant herein has failed to show how plaintiffs’ filing of the lis pendens and commencement of the action for specific performance constitutes an abuse of process. Defendant has not shown an intent to do harm without excuse or justification nor has defendant proven that plaintiffs’ action was perverted to obtain some collateral gain.
Defendant’s contention that plaintiffs’ ulterior purpose (in filing the lis pendens) was to tie up defendant’s property in order to coerce defendant to convey the property to plaintiffs or their assigns is without merit. The filing of the lis pendens is a proper use of a provisional remedy when filed in conjunction with an action for specific performance. (Matter of Elna *250 Constr. Co. v Flynn, 39 Misc 2d 254 [Sup Ct, Westchester County 1963].)
CPLR 6501, as pertinent, states: "A notice of pendency may be filed in any action in a court of the state * * * in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property.”
Therefore, plaintiffs’ use of the lis pendens for its enacted statutory purpose in conjunction with this action for specific performance was the appropriate remedy available to them.
Assuming that defendant was able to show some ulterior motive on the part of the plaintiffs, he still could not prevail in this proceeding. It is not enough to show that plaintiffs had an ulterior motive in using the legal process of the court, he would have to further show that plaintiffs used the process for a purpose which it was not intended. The act must be such as to constitute a perversion of the process so as to deprive the process of its proper function and permit its use to accomplish some collateral objective. (Hauser v Bartow, 273 NY 370 [1937].)
The testimony adduced at trial warrants a conclusion that the filing of the lis pendens by plaintiffs was proper and necessary in connection with their action for specific performance for breach of the contract for the sale of the realty in question. (Mechanics Exch. Sav. Bank v Chesterfield, 34 AD2d 888 [3d Dept 1970].)
The testimony failed to disclose any attempt on the part of plaintiffs to utilize this process to accomplish some collateral objective.
The action for specific performance and the filing of the lis pendens by plaintiffs took place after the defendant refused to convey the premises pursuant to the contract of sale. The filing of the lis pendens against the premises was necessary to protect their rights and/or interests in the premises pending the outcome of the action for specific performance. The filing of the lis pendens was merely a statutory means of placing any prospective purchaser on notice of plaintiffs’ claim. It was in no way a deprivation of a property right.
Plaintiffs’ use of the appropriate machinery in law, to wit: the action for specific performance and the filing of the lis pendens cannot be deemed an abuse of process. The fact that the within proceeding caused defendant inconvenience and expenses in defending the action does not support an action *251 for abuse of process. (Miller v Stern, 262 App Div 5 [1st Dept 1941].)
Accordingly, the use of the lis pendens was proper and for its intended purpose.
Defendant has further failed to prove by a preponderance of the evidence a prima facie case for malicious prosecution.
The essential elements of malicious prosecution of a civil action are as follows: (1) the commencement and prosecution of a judicial proceeding against plaintiff, (2) by or at the instance of the defendant, (3) without probable cause, (4) with malice, (5) which terminated in favor of the plaintiff in the malicious prosecution action, (6) to his injury, and (7) it is shown that plaintiff suffered interference with some provisional remedy, and some interference with plaintiff’s person or property by way of it must be alleged if the prior action was a civil one. (Molinoff v Sassower, 99 AD2d 528 [2d Dept 1984].)
Despite the action brought by the plaintiffs for specific performance on the contract and the filing of the lis pendens, defendant has failed to prove by a preponderance of the evidence that such action was commenced without probable cause, and with malice causing injury to defendant’s person or property.
With reference to the institution of civil proceedings, probable cause is defined as the knowledge of facts, actual or apparent, strong enough to justify a reasonable man in the belief that he has lawful grounds for prosecuting the defendant in the manner complained of. The want of probable cause does not mean the want of any cause but the want of any reasonable cause such as would persuade a man of ordinary care and prudence to believe in the truth of the charge. (Burt v Smith, 181 NY 1 [1905].)
The dismissal of plaintiffs’ primary action was not on the merits. It was dismissed on a technicality, in that the court found that the proper party plaintiff was a partnership and not the individual plaintiffs. Defendant was fortunate to prevail on this technicality. From the evidence adduced at trial, it is within the realm of probability that defendant would not have prevailed if the proper party, as determined by the trial court, had sued. This evidence adduced at trial demonstrates to this court that the plaintiffs had probable cause to commence this action for specific performance and to file a lis pendens. The plaintiffs reasonably believed they had a right to purchase the premises in their own name rather than that of the partnership Kensington Associates. They were under the belief that they had not executed the assignment of their *252 rights under the contract to the partnership. Therefore, given defendant’s failure to close at the scheduled date and thus causing a breach of the contract for sale of the premises, plaintiffs were entitled to commence an action for specific performance and file a lis pendens against the subject property of this action.
Further, the defendant has failed to show any malice on the part of plaintiffs in commencing the action and filing the lis pendens. Malice is defined as any hatred or ill will, any improper or sinister purpose or any reckless disregard of the rights of others which is inconsistent with good faith. (Linitzky v Gorman, 146 NYS 313 [City Ct of NY 1914].)
In this proceeding, there was no proof presented that plaintiffs acted with any ill will, improper purpose or with a reckless disregard to the rights of the defendant. Contrarily, the testimony at trial revealed that the plaintiffs’ actions in this proceeding were reasonable, consistent and in good faith. The plaintiffs were merely protecting the rights and interests which they believed they possessed.
Defendant also failed to show how the commencement of this action and filing of the lis pendens injured or interfered with his person or the ownership and enjoyment of the premises. The testimony at trial revealed that the lis pendens was filed on July 25, 1984. However, the defendant remained unaware of its existence until September 1985. Defendant testified that he had made extensive improvements to the premises during this time. In fact, the lis pendens was discharged by an order of this court dated October 4, 1985 (Ritholtz, J.) shortly after defendant discovered its existence.
Moreover, the filing of a lis pendens serves only as a notice of claim and does not in itself create an encumbrance. (Schoepp v State of New York, 69 AD2d 917 [3d Dept 1979].)
Thus, this court cannot find from the evidence presented at this trial that defendant was injured or the ownership and enjoyment of his property was interfered with by plaintiffs.
Based upon all the evidence presented to this court, the court finds that the defendant has failed to establish by a preponderance of the credible evidence a prima facie case to support its counterclaims for either abuse of process and/or malicious prosecution.
Accordingly, the defendant’s counterclaims are dismissed, with prejudice, and without costs and disbursements.