**CITY OF ANGOON, et al.,**
**Plaintiff–Appellee,**

v.

**Donald P. HODEL, Secretary of the Interior, et al., Defendant,**

**and**

**Shee Atika, Inc., Defendant–Appellant.**

**No. 87–3600.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 11, 1987.[*]

Decided Jan. 15, 1988.

---

[*] The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Richard Anthony Baenen, Pierre J. La-Force, and Luisa L. Lancetti, Wilkinson, Barker, Knauer & Quinn, Washington, D.C., for defendant-appellant.

Durwood J. Zaelke, Sierra Club Legal Defense Fund, Inc., Washington, D.C.; Lewis F. Gordon, Baily & Mason, Anchorage, Alaska, and Jeffrey A. Glick, Furth, Fahrner, Bluemle & Mason, San Francisco, Cal., for plaintiff-appellee.

Before WRIGHT, ANDERSON and SCHROEDER, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

We must decide two questions of Alaska law: did the district court err in concluding that Alaska would not recognize an abuse of process cause of action for filing a notice of *lis pendens;* and did the court err in concluding that Alaska would not recognize a cause of action of "prima facie tort?" The court did not err. We affirm.

## BACKGROUND

In 1981, the Secretary of the Interior conveyed to Shee Atika land on Admiralty Island in southeast Alaska.

The Sierra Club sued the Secretary in the District of Columbia to overturn the conveyance and stop logging on Admiralty Island. (*Sierra Club v. Watt*, No. 82–0700). The suit was transferred to Alaska district court and consolidated with other actions. Shee Atika was not made a party.

The Sierra Club filed a notice of *lis pendens* on Shee Atika's land in the Juneau Recording Office. Shee Atika brought several actions in Alaska state court to have the *lis pendens* removed. Eventually, the Sierra Club stipulated to removal of the notice.

Shee Atika filed a counterclaim for abuse of process and "prima facie tort" on the basis of the *lis pendens.* Sierra Club and Angoon moved to dismiss, asserting that Shee Atika failed to state a claim upon which relief could be granted. The district court granted the motion, holding that (1) filing a notice of *lis pendens* does not constitute process; (2) Alaska would not recognize a cause of action of "prima facie tort;" and (3) even if the "prima facie tort" theory were recognized, the notice of *lis pendens* is absolutely privileged. Shee Atika appeals.

## DISCUSSION

We review dismissal for failure to state a claim de novo. *Guillory v. Orange County*, 731 F.2d 1379, 1381 (9th Cir.1984). The district court's interpretation of Alaska law is also reviewed de novo. *In re McLinn*, 739 F.2d 1395, 1397 (9th Cir.1984) (en banc).

Alaska has not addressed whether an abuse of process claim may be based on filing a notice of *lis pendens* or if it will recognize the cause of action of "prima facie tort." We must predict how the Alaska Supreme Court would decide these questions. We use our own best judgment. *Takahashi v. Loomis Armored Car Serv.*, 625 F.2d 314, 316 (9th Cir.1980). It is useful to examine decisions of Alaska's highest court that are related to the questions here. *Cf. Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1482 (9th Cir.1986), *modified on other grounds*, 810 F.2d 1517 (9th Cir.1987). We look also for guidance to well-reasoned decisions by courts of other jurisdictions. *Takahashi*, 625 F.2d at 316; *Dimidowich*, 803 F.2d at 1482.

*Abuse of Process*

The district court ruled that Alaska would not recognize an abuse of process claim on the basis of filing a notice of *lis pendens.*[1] Shee Atika contends that the court erred.

We observe initially that there is no trend among states to accept or reject an abuse of process claim on the basis of notice of *lis pendens.* Three states recognize the cause of action: New York, Colo-

---

1. Alaska provides for notice of *lis pendens* by statute. *See* Alaska Stat. § 09.45.790 (1983).

rado, and North Carolina.[2] Five have indicated that it might be recognized: New Mexico, Florida, Georgia, Wisconsin, and Rhode Island.[3] Four have declined to recognize it: California, Pennsylvania, Kentucky, and Arizona.[4]

We give significant weight to Alaska's treatment of *lis pendens* in an analogous tort action. The Alaska Supreme Court has held that notice of *lis pendens* does not give rise to a cause of action for slander or disparagement of title. *Zamarello v. Yale*, 514 P.2d 228, 230 (Alaska 1973). The court, adopting California law, held "that the filing of the *lis pendens* was absolutely privileged and could not be made the basis of a claim for slander or disparagement of title." *Id.*

■ To grant notice of *lis pendens* a privileged status, which insulates it from slander or disparagement of title actions, would serve no purpose if *lis pendens* could be the basis for an abuse of process claim. Factual situations that would support a cause of action for slander of title could also support a cause of action for abuse of process.[5] To prevent emasculation of the privilege, we conclude that Alaska would extend the privilege to an abuse of process claim.

We reach the same conclusion on the basis of California law because of similar statutory provisions and Alaska's prior reliance on California law. The Alaska and California *lis pendens* statutes are virtually identical. *See* Alaska Stat. § 09.45.790 (1983); Cal.Civ.Pro.Code § 409(a) (West Supp.1987). Alaska adopted expressly California's application of absolute privilege to notice of *lis pendens* in slander or disparagement of title actions. *See Zamarello*, 514 P.2d at 230. Alaska could reasonably be expected to look to California's treatment of abuse of process claims based on notice of *lis pendens*.

The California Court of Appeal has held that there is no cause of action for abuse of process in filing a notice of *lis pendens*. *Woodcourt II Ltd. v. McDonald Co.*, 119 Cal.App.3d 245, 173 Cal.Rptr. 836 (1981). The court explained that (1) notice of *lis pendens* was absolutely privileged;[6] and (2) the filing of notice of *lis pendens* does not constitute process for the purpose of an abuse of process claim. *Id.* at 249, 251, 173 Cal.Rptr. at 838, 840. Here, the district court relied upon *Woodcourt II*'s conclusion that "recording notice of pending action does not constitute process in the

**2.** *See Piep v. Baron*, 133 Misc.2d 248, 506 N.Y.S.2d 838 (N.Y.City Civ.Ct.1986); *Johnson v. Benson*, 725 P.2d 21, 26 (Colo.App.1986); *Hewes v. Wolfe*, 74 N.C.App. 610, 330 S.E.2d 16, 19 (1985).

**3.** *See Superior Constr., Inc. v. Linnerooth*, 103 N.M. 716, 712 P.2d 1378 (1986); *Bothmann v. Harrington*, 458 So.2d 1163, 1169–70 (Fla.App.1984); *Ferguson v. Atlantic Land & Dev. Corp.*, 248 Ga. 69, 281 S.E.2d 545, 547 (1981); *Brownsell v. Klawitter*, 102 Wis.2d 108, 306 N.W.2d 41, 45 (1981); *Grasso v. Byrd*, 417 A.2d 911 (R.I. 1980).

**4.** *See Woodcourt II Ltd. v. McDonald Co.*, 119 Cal.App.3d 245, 173 Cal.Rptr. 836 (1981); *Blumenfeld v. R.M. Shoemaker Co.*, 286 Pa.Super. 540, 429 A.2d 654 (1981); *Bonnie Braes Farms, Inc. v. Robinson*, 598 S.W.2d 765 (Ky.App.1980); *Gray v. Kohlhase*, 18 Ariz.App. 368, 502 P.2d 169 (1972).

**5.** An action for slander or disparagement of title consists of (1) a publication of matters derogatory to the plaintiff's title to his property; (2) special damages that necessarily require communication of a falsehood to a third person;

and (3) the disparaging statement must be false. Keeton, *Prosser & Keeton on Torts*, § 128, at 967 (5th ed. 1984).

In comparison, an action for abuse of process requires (1) an ulterior purpose; (2) a wilful act in the use of process not proper in the regular conduct of a proceeding; and (3) some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process. *Prosser*, § 121, at 898.

**6.** The *Woodcourt II* decision relied upon a statutory privilege for publications made in the course of a judicial proceeding. *See* Cal.Civ. Code § 47 (West 1982). The court pointed out that notice of *lis pendens* is a publication in the course of a judicial proceeding because it is a republication of the underlying pleadings. 173 Cal.Rptr. at 839.

In *Zamarello*, the Alaska Supreme Court recognized that California's privilege is statutory. The court was not, however, troubled by this difference. The court stated that California's statutory privilege is in accord with the common law privilege available in Alaska and that the difference affords no basis for distinguishing the cases. *Zamarello*, 514 P.2d at 230 n. 4.

sense that 'abuse of process' is used." *Id.* at 251, 173 Cal.Rptr. at 840.

The *Woodcourt* court said that the essence of an abuse of process claim is the misuse of the court's power. *Id.* at 252, 173 Cal.Rptr. at 840. It stated that *lis pendens* is merely notice, "filed without intervention of judicial authority and brings neither the parties nor the property before the court." *Id.* Notice of *lis pendens*, therefore, is not process because it does not require a party to take affirmative action. *Id.* Because *lis pendens* is not "process," its filing does not trigger an action for abuse of process.

Shee Atika argues that Alaska would not adopt the notice/process distinction advanced in *Woodcourt II.* We disagree. Alaska previously adopted California's interpretation of its *lis pendens* statute. *See Zamarello,* 514 P.2d at 230. Alaska may reasonably be expected to do so again. Furthermore, Alaska appears inclined to characterize *lis pendens* as notice. It emphasized that *lis pendens* is notice when it declined to accord *lis pendens* the status of a lien. *Brooks v. R & M Consultants, Inc.,* 613 P.2d 268, 270 (Alaska 1980).

Shee Atika argues also that Alaska would not follow *Woodcourt II* because California has a statutory expungement procedure which provides a remedy for improperly filed *lis pendens.* This argument is not persuasive. While Alaska has no statutory expungement remedy, it interprets the *lis pendens* statute "as providing that a filed notice ... may be canceled due to noncompliance with the requirements." *Blake v. Gilbert,* 702 P.2d 631, 642 (Alaska 1985). Alaska has a common law remedy for expungement, instead of a statutory remedy. Shee Atika had this remedy available and used it. We see nothing to distinguish between the effects of the statutory

and common law expungement procedures. *Cf. supra* note 6.

Finally, Shee Atika makes a brief argument that Sierra Club/Angoon committed abuse of process by maintaining the *lis pendens.* This argument has no merit. Shee Atika does not press the argument nor does it support the argument with any authority.

We conclude that Alaska would not allow an abuse of process cause of action for the filing of notice of *lis pendens.*

### Prima Facie Tort

Shee Atika argues that its counterclaim stated a cause of action for "prima facie tort," and that the district court erred by dismissing it.[7]

■ New York is the only state to adopt clearly the cause of action of prima facie tort. *See ATI, Inc. v. Ruder & Finn, Inc.,* 42 N.Y.2d 454, 368 N.E.2d 1230, 1232, 398 N.Y.S.2d 864, 866 (1977); Annotation, *Comment Note—Prima Facie Tort,* 16 A.L.R. 3d 1191 (1967). Several other states allow either a limited application of the theory or have indicated that the theory might be accepted. *See Catron v. Columbia Mut. Ins. Co.,* 723 S.W.2d 5, 6 (Mo.1987) (recognizing limited application of prima facie tort theory); *Ford Motor Credit Co. v. Suburban Ford,* 237 Kan. 195, 699 P.2d 992 (might recognize theory), *cert. denied,* 474 U.S. 995, 106 S.Ct. 409, 88 L.Ed.2d 360 (1985). We conclude that Alaska would not recognize or adopt this cause of action.[8]

■ Even if Alaska would adopt this unique tort theory, we believe that Alaska would shelter notice of *lis pendens* with an absolute privilege. This view is consistent with Alaska's use of the privilege in slander or disparagement of title cases, and with our conclusion above. We agree with the district court that the Alaska Supreme Court would be unlikely to "gut" that privi-

---

**7.** Shee Atika suggests that "prima facie tort" has the following elements: (1) the infliction of intentional harm (2) resulting in damage (3) without excuse or justification (4) by acts or series of acts that would otherwise be lawful. *See Avigliano v. Sumitomo Shoji America, Inc.,* 473 F.Supp. 506, 515 (S.D.N.Y.1979), *aff'd,* 638 F.2d 552 (2d Cir.1981), *rev'd on other grounds,*

457 U.S. 176, 102 S.Ct. 2374, 72 L.Ed.2d 765 (1982).

**8.** The Alaska Supreme Court has mentioned the doctrine but declined to address it. *See Lull v. Wick Constr. Co.,* 614 P.2d 321, 325 n. 9 (Alaska 1980).

lege by affording an almost equally unrestricted action under a different label.

## CONCLUSION

We hold that the district court did not err in dismissing Shee Atika's abuse of process and prima facie tort claims. Because we conclude that Alaska would not apply these causes of action to the filing of a notice of *lis pendens,* we do not reach the appellee's First Amendment argument. *See NLRB v. Lorimar Productions, Inc.,* 771 F.2d 1294, 1302 n. 2 (9th Cir.1985).

The judgment of the district court is AFFIRMED.