SIXTH DIVISION
 FILED: 11-15-96 

No. 1-95-3230

RINGIER AMERICA, INC. ) Appeal from the 
 ) Circuit Court of
 Plaintiff-Appellant, ) Cook County.
 )
 v. )
 )
ENVIRO-TECHNICS, LTD. and )
F. CLIFFORD DI LORENZO, ) Honorable 
 ) David Lichtenstein,
 Defendants-Appellees. ) Judge Presiding.

 PRESIDING JUSTICE ZWICK delivered the opinion of the court:
 This case involves a slander of title claim. The sole issue
presented is whether the absolute privilege accorded to false and
malicious statements contained in judicial pleadings extends to
the filing of an associated lis pendens notice. Although this
question has been previously considered in other jurisdictions,
we now confront it for the first time in Illinois.
 On June 17, 1988, plaintiff, Ringier America, Inc., filed a
complaint in the circuit court alleging the defendant, Enviro-
Technics, Ltd., breached a contract to purchase real estate
located at 2441 North Normandy Avenue in Chicago. On or about
September 9, 1988, defendants filed an answer and counterclaim
admitting that an agreement existed to purchase the property, but
alleging that plaintiff had defaulted on the agreement by failing
to deliver a suitable title commitment as required by the
contract. Defendants sought specific performance or recision. In
addition, defendants filed and recorded a lis pendens notice. See
735 ILCS 5/2-1901 (West 1994). 
 The lis pendens filed and recorded by defendants was made on
a form provided by the circuit court clerk's office which
contained the caption of the underlying litigation and then
stated simply:
 "I, [Morgan M. Finley, then Clerk of the Circuit
 Court], the undersigned, do hereby certify that the
 above entitled cause of action was filed in my office
 on the 9th day of September 1988 and is now pending in
 said court and that the property affected by said cause
 is described as follows: See Exhibit "A" attached
 hereto in Cook County, Illinois." 
The attached Exhibit "A" was a legal description of the property
at issue.
 Plaintiff moved to dismiss defendants' counterclaim and the
trial court granted this motion on November 14, 1988.
Subsequently, on October 20, 1993, plaintiff voluntarily
dismissed its suit.
 Thereafter, on February 16, 1994, plaintiffs filed a new
complaint in the circuit court pursuant to the refiling
provisions of former section 13-217 of the Code. 735 ILCS 5/13-
217 (West 1994). In this complaint for slander of title, and in a
subsequent amended complaint, plaintiff alleged Enviro-technics
and Di Lorenzo maliciously and without justification filed the
counterclaim and lis pendens notice for the sole purpose of
clouding title to the property so as to interfere with
plaintiff's ability to sell it. Plaintiff alleged that it had
secured a willing buyer for the property after defendants had
defaulted but the new buyer refused to close on the property
after discovering the lis pendens notice. Plaintiff alleged that
it incurred significant additional expenses relating to the
property as a direct result of the recording of the lis pendens
notice. Defendant responded to the plaintiff's amended complaint
by alleging that the lis pendens notice was privileged, and
moving for dismissal on the pleadings. The trial court granted
this motion.
 Because the trial court dismissed the case on the pleadings,
we view the allegations of the complaint in the light most
favorable to the plaintiff. We assume, solely for purposes of
this appeal, that defendants filed their counterclaim maliciously
and without cause, for the purpose of harassing the plaintiff and
to gain unfair advantage in the underlying litigation.
 To make out a cause of action in slander of title claim in
Illinois, a plaintiff must allege a "false and malicious
publication, oral or written, of words which disparage [its]
title to property resulting in special damages." Whildin v.
Kovacs, 82 Ill. App. 3d 1015, 1016, 403 N.E.2d 694 (1980). Malice
must be shown by evidence that the defendant knew the disparaging
statements were false or that the defendant made the statements
in reckless disregard of their falsity. Pecora v. Szabo, 94 Ill.
App. 3d 57, 66, 418 N.E.2d 431 (1981). 
 There exists a narrow class of cases in which a defamatory
statement is absolutely privileged. Allen v. Ali, 105 Ill.App.3d
887, 890, 435 N.E.2d 167 (1982). The privilege embraces actions
required or permitted by law in the course of judicial or
quasi-judicial proceedings, as well as actions "necessarily
preliminary" to judicial or quasi-judicial proceedings. Parrillo,
Weiss & Moss v. Cashion, 181 Ill.App.3d 920, 928, 537 N.E.2d 851
(1989). An absolute privilege provides complete immunity from
civil action, even though the statements are made with malice,
because public policy favors the free and unhindered flow of such
information. Starnes v. International Harvester Co., 184
Ill.App.3d 199, 203, 539 N.E.2d 1372 (1989). 
 Plaintiff concedes that an absolute privilege protects the
statements made by the defendants in their counterclaim, but
argues that Pecora v. Szabo, 94 Ill. App. 3d 57, 418 N.E.2d 431
(1981), and Newkirk v. Bigard, 125 Ill. App. 3d 454, 466 N.E.2d
243 (1984), aff'd in part and rev'd in part, 109 Ill. 2d 28, 485
N.E.2d 321 (1985), indicate this privilege does not extend to the
recording of the lis pendens notice. Even a cursory reading of
these cases, however, show that the issue of privilege was not
raised by the parties or discussed by the court in rendering its
decisions. Pecora and Newkirk are, therefore, decidedly
unhelpful.
 Although our research has found no Illinois opinions which
speak directly to the question presented, we note that nearly
every jurisdiction to consider the question has extended the
absolute privilege accorded statements made in the course of
litigation to include the filing and/or recording of a lis
pendens notice, provided the underlying litigation makes
allegations affecting some ownership interest in the subject
property. See, e.g., Dethlefs v. Beau Maison Development Corp.,
511 So.2d 112 (Miss. 1987); Lone v. Brown, 489 A.2d 1192 (N.J.
Super. Ct. 1985); Woodcourt II Ltd. v. McDonald Co., 119 Cal
App.3d 245, 173 Cal. Rptr. 836 (1981); Procacci v. Zacco, 402 So.
2d 425 (Fla. Dist. Ct. App. 1981); Wendy's of South Jersey Inc.
v. Blanchard Management Corp. 406 A.2d 1337 (N.J. Super. Ct.
1979); Hansen v. Kohler 550 P.2d 186 (Utah 1976); Hauptman v.
Edwards Inc., 553 P.2d 975 (Mont. 1976); Zamarello v. Yale, 514
P.2d 228 (Alaska, 1973); Kelly v. Perry, 531 P.2d 139 (Ariz.
1975); Kropp v. Prather, 526 S.W.2d 283 (Tex. Civ. App. 1975).
Cf. Kensington Development Corp. v. Israel, 407 N.W.2d 269 (Wis.
App. 1987)(common law modified by Wisconsin statute --
conditional privilege and not absolute privilege applied to lis
pendens notices). But see Warren v. Bank of Marion, 618 F. Supp.
317 (W.D. Va. 1985)("filing of a notice of lis pendens is more
appropriately characterized as a qualifiedly privileged
occasion"). 
 As the Supreme Court of California stated over forty years
ago,
 "It would be anomalous to hold that a litigant is
 privileged to make a publication necessary to bring an
 action but that he can be sued for defamation if he
 lets anyone know that he has brought it, particularly
 when he is expressly authorized by statute to let all
 the world know that he has brought it." Albertson v.
 Raboff, 46 Cal.2d 375, 295 P.2d 405, 409 (1956)
 (Citation omitted).
We agree. Because the false allegations in the defendants'
counterclaim are protected by an absolute privilege, the
associated lis pendens enjoys the same protection. Therefore,
liability cannot attach. 
 Moreover, we find the plaintiff's complaint was properly
dismissed by the trial court for a second, equally compelling
reason. Although the plaintiff has alleged that the defendant's
counterclaim was false and malicious, it must concede that the
lis pendens notice states nothing more than the fact that
litigation was pending in the circuit court concerning the
property. An essential element of a cause of action for slander
of title is that the statements used be both false and malicious.
Whildin, 82 Ill. App. 3d at 1016. Because the lis pendens notice
does no more than accurately inform its reader of the existence
of the counterclaim, it was in no sense "false" and cannot form
the basis of liability.
 For the above reasons, the order of the circuit court of
Cook County dismissing plaintiff's suit is affirmed.
 Affirmed.
 McNAMARA, J. and LEAVITT, J., concur.