Hinkle, J.
On February 12, 2000, this matter was before the court on plaintiffs’ motion to dismiss defendants’ counterclaim for abuse of process.[3] Plaintiffs argue that the counterclaim should be dismissed because the filing of this case and the obtaining of a lis pendens does not constitute an abuse of process.
For the following reasons, plaintiffs’ motion to dismiss is DENIED.

BACKGROUND

On September 29, 2000, defendant Laura Sheedy and Robert Cunningham, Trustee, signed plaintiffs offer to purchase Sheedy’s property at 11 Harrington Road in Lexington. The offer stated that it was “subject to mutually acceptable P&S [purchase and sale agreement] to be signed by the parties” on or before October 10, 2000, and stipulated that “both parties are not bound until P&S is signed.” The parties never executed a purchase and sale agreement.
On October 20, 2000, plaintiffs filed this action, seeking specific performance of their September 29 offer to purchase defendants’ property. At the same time, plaintiffs requested ex parte a lis pendens under G.L.c. 184, §15. The court endorsed the lis pendens, which the plaintiffs recorded at the Middlesex South District Registry of Deeds. On November 3, 2000, defendants moved to have the lis pendens dissolved. That motion was denied on November 13, 2000. Defendants then filed an answer and counterclaim.

DISCUSSION

Under Mass.R.Civ.P. 12(b)(6), a court must dismiss a complaint for failure to state a claim where “it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Blank v. Chelmsford OB/GYN, P.C., 420 Mass. 404, 407 (1995), quoting Nader v. Citron, 372 Mass. 96, 98 (1977). The court must accept as true the well-pleaded factual allegations of the complaint, as well as any inferences that can be drawn therefrom in the plaintiffs favor. Eyal v. The Helen Broadcasting Company, 411 Mass. 426, 429 (1991). A motion to dismiss should be denied unless “it appears with certainty that [the plaintiff] is entitled to no relief under any combination of facts that could be proved in support of her claim.” Id. at 322 (emphasis in the original). Here, therefore, the court must determine whether there is any set of facts that would entitle defendants to relief on their abuse of process counterclaim.
For abuse of process, a party “must allege facts which are sufficient to support the propositions that: (1) ‘process’ was used; (2) for an ulterior or illegitimate purpose; (3) resulting in damage.” Jones v. Brockton Public Markets, Inc., 369 Mass. 387, 389 (1975). Here, defendants’ counterclaim is sufficiently pled to survive a motion to dismiss.
In this case, defendants claim that the “process” at issue is commencement of the plaintiffs’ lawsuit and recording of the lis pendens at the Registry of Deeds. In Massachusetts, institution of a civil action constitutes “process.” See Jones v. Brockton Public Markets, Inc., 369 Mass. 387, 391 (1975), and cases cited (abuse of process limited to writs of attachment, process used to institute civil action and process related to bringing criminal charges). Thus, this court need not address defendants’ argument that the lis pendens alone does not constitute "process.”[4]
The counterclaim alleges sufficient facts to support its allegation of ulterior motive. See McCarthy v. Tobin, 429 Mass. 84, 86 (to constitute binding contract, offer to purchase must include all essential terms and indicate parties’ intent to be bound). In addition, where the lis pendens prevents defendants from entering into any financial transaction for their property, the element of damages is sufficiently pled.

ORDER

For the foregoing reasons, plaintiffs’ motion to dismiss the abuse of process counterclaim (Count I) is DENIED.

 The motion to dismiss defendants’ counterclaim for slander of title was allowed at the hearing on the pending motion.

 The parties agree that Massachusetts has not determined whether a lis pendens constitutes process. Other jurisdictions are split on the issue. Alaska and California have held that there is no cause of action for abuse of process in filing a notice of lis pendens. See City of Angoon v. Hodel, 836 F.2d 1245 (9th Cir. 1988), citing Woodcourt II Ltd. v. McDonald Co., 119 Cal.App.3d 245 (1981). In contrast, Rhode Island has held that “filing a notice of lis pendens based on a nonexistent or frivolous claim may constitute abuse of process . . .” Cok v. Cok, 558 A. 2d 205 (R.I. 1989).