Filed 12/6/22 Lazaro v. Superior Court CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| JORGE LAZARO et al., | |
| Petitioners, | E079388 |
| v. | (Super.Ct.No. CVRI2201037) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| MARTIN LAZARO et al., | |
| Real Parties in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate. Lydia Villareal, Judge. Petition granted.

Rudderow Law Group, Daniel T. Rudderow, Chris C. Chapman and James N. Werner for Petitioners.

No appearance for Respondent.

No appearance for Real Parties in Interest.

1

Petitioners Jorge Lazaro and Yessenia Lazaro seek a writ of mandate compelling the superior court to grant their motion to expunge a lis pendens under Code of Civil Procedure section 405.30 et seq. (Undesignated statutory citations are to this code.) Having reviewed all of the filings in this matter, we conclude the superior court erred when it denied the motion. We therefore direct the superior court to vacate its order denying petitioners' motion and issue a new order granting the motion.

## FACTS

Petitioners are husband and wife who purchased a house in 2009. Title is held jointly in their names. Real parties in interest are the husband's parents, who live in the house with petitioners. The husband obtained employment in Oklahoma and was set to begin work in June 2022. Petitioners began the process of selling the house and intended to use the sale proceeds to purchase a new home in Oklahoma. In March 2022, real parties filed suit for quiet title and other claims and recorded a lis pendens.

Real parties claim in their lawsuit that they had an oral agreement with petitioners, according to which real parties would pay off all of petitioners' debt, pay the entire down payment on the house, and split all property-related expenses equally with petitioners. In return, petitioners would apply for a loan to purchase the house and "would add [real parties] to title at a future date upon their request," giving them a 50 percent interest in the house.

Petitioners moved to expunge the lis pendens. The superior court denied the motion solely on the basis of the allegations in the verified first amended complaint. The court also denied petitioners' alternative request to order an undertaking.

After reviewing the petition and the exhibits, we invited respondent and real parties to file a response to the petition, and we provided notice that we may issue a peremptory writ of mandate in the first instance unless good cause is shown. (See *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178.) We received no response.

DISCUSSION

A petition for writ of mandate is an appropriate means for challenging the denial of a motion to expunge a lis pendens. (§ 405.39 ["Any party aggrieved by an order made on a motion under this chapter may petition the proper reviewing court to review the order by writ of mandate"].)

"[T]he court shall order that the notice be expunged if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim." (§ 405.32.) " 'Probable validity' " in this context "means that it is more likely than not that the claimant will obtain a judgment against the defendant on the claim." (§ 405.3.) We review a court's ruling on a motion to expunge a lis pendens for abuse of discretion. (See *Sheets v. Superior Court* (1978) 86 Cal.App.3d 68, 70-71, superseded by statute on another point as stated in *Real Estate Analytics, LLC v. Vallas* (2008) 160 Cal.App.4th 463, 479.)

We conclude that the superior court abused its discretion when it determined that real parties had carried their burden to establish by a preponderance of the evidence the

3

probable validity of their real property claim. The allegations of the verified first amended complaint, which were the entire evidentiary basis for the court's ruling, describe an agreement that is unintelligible, unenforceable, and/or impossible to perform, so they do not constitute sufficient evidence to support a judgment in favor of real parties on their claims. The first amended complaint alleges (and the grant deed confirms) that petitioners bought the house in June 2009. But the first amended complaint alleges that two months later, in August 2009, petitioners agreed to apply for a loan to purchase the house, which they already owned. The first amended complaint never explains what that means, or how petitioners' alleged agreement to do something they had already done could give rise to an enforceable contract. (See *Passante v. McWilliam* (1997) 53 Cal.App.4th 1240, 1247 ["Past consideration cannot support a contract"].) The first amended complaint also alleges that there is a mortgage on the house, which was refinanced in 2020. But the first amended complaint alleges that petitioners promised to "add [real parties] to title at a future date upon their request," giving real parties a 50 percent ownership interest in the house. The first amended complaint never explains how petitioners could have lawfully performed that alleged promise, which would have required them to unilaterally give away 50 percent of the collateral for the mortgage. (See generally Civ. Code, § 3439 et seq. [addressing fraudulent transfers].) In the absence of any additional evidence explaining what the alleged agreement means, how it could be enforceable, and how it could lawfully be performed, the allegations of the verified first amended complaint are insufficient to support a judgment in favor of real parties.

4

We express no opinion on whether the oral agreement alleged in the first amended complaint might exist in some form, what the terms of that agreement might be, and whether it might be enforceable despite the statute of frauds or any other potential defenses. Perhaps at trial the parties will introduce additional evidence that will shed light on those issues. We conclude only that the allegations of the verified first amended complaint do not, on their own, constitute sufficient evidence to support a judgment in favor of real parties on their claims. The trial court therefore abused its discretion by denying the motion to expunge the lis pendens, and we accordingly grant the petition.

DISPOSITION

Let a peremptory writ of mandate issue, directing the Superior Court of Riverside County to (1) vacate its June 23, 2022 order denying Petitioners' motion to expunge lis pendens and (2) enter a new order granting the motion. Petitioners shall recover their costs of this writ proceeding. (Cal. Rules of Court, rule 8.493(a)(1).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

McKINSTER
Acting P. J.

FIELDS
J.

5